IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED HEALTH MARKETERS, INC. and UNITEDHEALTHCARE SERVICES, INC.,<br><br>Defendants. | No. 4:25-CV-01970<br><br>(Chief Judge Brann) |

## ORDER

### OCTOBER 21, 2025

The Court observing that motions pursuant to Federal Rule of Civil Procedure 12(b) are discouraged if a pleading defect is curable by amendment, **IT IS HEREBY ORDERED** that the parties must meet and confer prior to the filing of any such motion to determine whether the motion can be avoided. The duty to meet and confer extends to all parties, including those appearing *pro se*. Consistent with this order, **motions to dismiss must be accompanied by a certificate of the movant** stating that the moving party has made good faith efforts to confer with the nonmovant(s) to determine whether the identified pleading deficiencies may be cured by amendment.

Motions to dismiss that do not contain the required certification will be summarily denied without prejudice. A non-moving party's failure to comply with this order, including a failure to timely engage in the meet-and-confer process, may result in the assessment of monetary and/or nonmonetary sanctions. Those sanctions may include, but are not limited to, an assessment of attorney's fees and costs associated with the filing of the motion to dismiss.

In addition, the parties shall not unnecessarily oppose motions to amend the pleadings that are filed prior to the initial case management conference, or within the time set for in the parties' joint case management plan and/or the court's case management order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge