# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GERARD JACKSON, on behalf of himself and others similarly situated, | Case No.: 4:25-cv-01970-MWB |
| *Plaintiff,* | |
| v. | |
| DIVERSIFIED HEALTH MARKETERS INC. *and* UNITEDHEALTHCARE SERVICES INC., | |
| *Defendants.* | |

## DEFENDANT UNITEDHEALTHCARE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant UnitedHealthcare Services Inc. ("UHCS"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Gerard Jackson's Complaint, Dkt. No. 1 (the "Complaint").

## ANSWER

### PRELIMINARY STATEMENT

1. Paragraph 1 of the Complaint describes *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020), to which no response is required. Defendant respectfully refers the Court to the cited language for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited case, Defendant denies the allegations contained in Paragraph 1 of the

Complaint.

2.    Paragraph 2 of the Complaint describes the Telephone Consumer Protection Act ("TCPA"), to which no response is required.  Defendant respectfully refers the Court to the cited act for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited act, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.    Paragraph 3 of the Complaint describes the TCPA, to which no response is required.  Defendant respectfully refers the Court to the cited act for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited act, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.    Paragraph 4 of the Complaint describes 47 C.F.R. § 64.1200(c)(2), 16 C.F.R. § 310.4(b)(iii)(B), and *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019), to which no response is required.  Defendant respectfully refers the Court to the cited records for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited records, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.    Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.    Paragraph 6 of the Complaint consists of legal conclusions, to which no

response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.     Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## PARTIES

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10.    Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.    Defendant admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

12.    Paragraph 12 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    Paragraph 13 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## THE TELEPHONE CONSUMER PROTECTION ACT

14.    Paragraph 14 of the Complaint describes the TCPA, to which no response is required.  Defendant respectfully refers the Court to the cited act for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited act, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

Calls Made Using a Pre-Recorded Message

15.    Paragraph 15 of the Complaint describes 47 U.S.C. § 227, *et seq.* and *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014 (2003), to which no response is required.  Defendant respectfully refers the Court to the cited records for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited records, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    Paragraph 16 of the Complaint describes 47 U.S.C. § 227(b)(1)(A)(iii), 47 C.F.R. § 64.1200(a)(2), and *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830 (F.C.C. 2012), to which

no response is required.  Defendant respectfully refers the Court to the cited records for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited records, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint describes 47 C.F.R. § 64.1200(f)(12), to which no response is required.  Defendant respectfully refers the Court to the cited record for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited record, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint describes 47 C.F.R. § 64.1200(f)(8), to which no response is required.  Defendant respectfully refers the Court to the cited record for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited record, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

The National Do Not Call Registry

19.     Paragraph 19 of the Complaint describes 47 C.F.R. § 64.1200(c)(2), to which no response is required.  Defendant respectfully refers the Court to the cited record for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited record, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint describes 47 C.F.R. § 64.1200(c)(2), to which no response is required.  Defendant respectfully refers the Court to the cited record for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited record, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint describes 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), to which no response is required.  Defendant respectfully refers the Court to the cited records for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited records, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## FACTUAL ALLEGATIONS

22.     Paragraph 22 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the same.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies the same.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies the same.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore denies the same.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

51.    Paragraph 51 of the Complaint describes *In re Rules and Regulations Implementing the Telephone Consumer Protection Act,* 10 FCC Rcd. 12391 (1995), to which no response is required.  Defendant respectfully refers the Court to the cited record for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited record, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint describes the FCC, to which no response is required.  Defendant respectfully refers the Court to the cited record for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited record, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint describes *In re DISH Network, LLC*, 28 FCC Rcd. 6574 (2013), to which no response is required.  Defendant respectfully refers the Court to the cited record for the actual language and full context.  To the extent the allegations mischaracterize or misconstrue the cited record, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.    Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in Paragraph 63 of the Complaint.

## CLASS ACTION STATEMENT

64.    Defendant incorporates its responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.    Defendant denies that a class can be certified or, if certified, would result in a class where liability would be imposed against Defendant.  Accordingly, Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant denies that a class can be certified or, if certified, would result in a class where liability would be imposed against Defendant.  Accordingly, Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.    Paragraph 67 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.    Paragraph 68 of the Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    Defendant denies that Plaintiff is entitled to any of the relief requested contained in Paragraph 70 of the Complaint.

71.    Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore denies the same.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore denies the same.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(b))
### (On Behalf of Plaintiff and the Robocall Class)

82.    Defendant incorporates its responses to paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83.    Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.    Defendant denies the allegations contained in Paragraph 85 of the Complaint and denies that Plaintiff is entitled to any of the relief requested contained in Paragraph 85 of the Complaint.

86.    Defendant denies the allegations contained in Paragraph 86 of the Complaint and denies that Plaintiff is entitled to any of the relief requested contained in Paragraph 86 of the Complaint.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class))

87.    Defendant incorporates its responses to paragraphs 1 through 86 of the Complaint as if fully set forth herein.  Furthermore, this represents an impermissible

"shotgun" pleading which runs afoul of Federal Rules of Civil Procedure 8(a) and 10.

88.    Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.    Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.    Defendant denies the allegations contained in Paragraph 90 of the Complaint and denies that Plaintiff is entitled to any of the relief requested contained in Paragraph 90 of the Complaint.

91.    Defendant denies the allegations contained in Paragraph 91 of the Complaint and denies that Plaintiff is entitled to any of the relief requested contained in Paragraph 91 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested and Defendant respectfully requests that this Court enter an order granting judgment in favor of Defendant and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendant states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of Defendant's Defenses.  Accordingly, Defendant asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against Defendant, and Count II of Plaintiff's Complaint constitutes an impermissible "shotgun" pleading.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by Defendant, but by another person or entity, including Plaintiff, for whom Defendant is not responsible and over whose activities Defendant exercises no control and/or has no right to control.

## THIRD AFFIRMATIVE DEFENSE

Defendant is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of telephone call(s) to Plaintiff.  At all relevant times, such third parties were not Defendant's agents and Defendant did not

direct or exercise substantial control over their actions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and the other class members' consent, prior express invitation, permission to be called on their cellular and/or residential telephones, established business relationship, prior inquiry, and/or personal relationship with Defendant or the alleged callers.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel due to his and other class members' consent, existing business relationships, familial relationships, prior express invitation, or other permission to be called on their cellular and/or residential telephone(s).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members, therefore lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary and indispensable

parties, including but not limited to, any third party that may have actually made or initiated the telephone calls at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for treble damages are barred because Defendant did not engage in knowing or willful misconduct.

## NINTH AFFIRMATIVE DEFENSE

Defendant states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent (to the extent he ever did).

## TENTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by Defendant's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. 64.1200.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure Defendant's

compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(b), § 227(c), and 47 C.F.R. 64.1200. Additionally, Defendant raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates Defendant's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of Defendant's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands due to his and the other class members' consent to be called on their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013).

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls

made to their cellular and/or residential telephone(s) should cease.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and other class members' failure to timely notify the alleged callers that the calls should cease.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged callers that the calls allegedly made to their cellular and/or residential telephone(s) should cease.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and other class members consented to and/or ratified the telephone calls complained of in the Complaint, including calls to their cellular and/or residential telephone number(s).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because his registration on the National Do-Not-Call is invalid as a result of using and/or holding his cellular telephone number out to the public as a business telephone number.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because his registration on the National Do-Not-

Call registry is invalid as a result of his cellular telephone number being registered by someone other than himself prior to his acquisition of the cellular telephone number.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the cellular telephone number which he claims was called in violation of 47 U.S.C. § 227 is and was not a residential telephone number or line.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is not liable for any violations of 47 C.F.R. 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. 64.1200.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the alleged calls are not telephone solicitations under the TCPA.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the exceptions provided under the TCPA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's suit and the claims of any putative class members are barred to the extent they agreed to arbitrate the asserted claim(s) against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of any putative class member are barred to the extent their telephone number is a cellular telephone number because a cellular telephone line is not a residential telephone line and 47 U.S.C. § 227(c) applies only to residential telephone lines.  The 2003 FCC Order that discussed cellular telephone lines falling under the ambit of 47 U.S.C. § 227(c) was incorrectly decided and is not entitled to any deference from the Court.  *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (U.S. 2024).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's suit and the claims of any putative class members are barred to the extent they have been released or otherwise relinquished pursuant to an enforceable agreement.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant established and implemented,

with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any putative class member are barred to the extent they lack standing to assert the claims and allegations set forth in the Complaint for not hearing the playing or use of an artificial or prerecorded voice.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent they are based upon determinations of the FCC that are not supported or authorized by or consistent with the text of the TCPA.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent they are based upon a violation of prior express written consent determinations of the FCC that are not supported or authorized by or consistent with the text of the TCPA.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent they are based upon vicarious liability for seller determinations of the FCC that are not supported or authorized by or consistent with the text of the TCPA.

## <u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against Defendant with sufficient particularity to enable Defendant to determine what additional defenses it may have in response to the Complaint. Defendant therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

## <u>RESERVATION</u>

Defendant reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant United Healthcare Services Inc. respectfully requests that this Court enter judgment against Plaintiff and in favor of Defendant, dismiss this action with prejudice, award Defendant its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: January 12, 2026                    Respectfully submitted,

_/s/ Roy Taub_____
Roy Taub (*pro hac vice*)
Jeffrey A. Backman
(*pro hac vice* application forthcoming)

GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33316
Tel: (954) 491-1120
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

Erin R. Kawa (Bar No. 308302)
Post & Schell P.C.
17 North Second Street, 12th Floor
Harrisburg, PA 17101-1601
Tel: (717) 612-6057
Fax: (717) 720-5365
ekawa@postschell.com

*Attorney for Defendant*
*United Healthcare Services Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 12, 2026, a true and correct copy of the foregoing was electronically filed on the Court's CM/ECF document filing system, which will send notice of filing and a service copy to all counsel of record.

*/s/ Roy Taub*
Roy Taub