## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERARD JACKSON, individually and on
behalf of a class of all persons and entities
similarly situated,

    Plaintiff,       **CASE NO.** 4:25-cv-1970

  v.

DIVERSIFIED HEALTH MARKETERS
INC.,

and

UNITEDHEALTHCARE SERVICES INC.

    Defendants.

## DEFENDANT DIVERSIFIED HEALTH MARKETERS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Diversified Health Marketers Inc. (Diversified)[1] hereby submits its

Answer and Affirmative Defenses to Plaintiff Gerard Jackson's Class Action

Complaint.

## INTRODUCTION[2]

1.  As the Supreme Court has explained, "Americans passionately disagree

about many things. But they are largely united in their disdain for robocalls. The

Federal Government receives a staggering number of complaints about robocalls—

---

[1] The named Defendant is not an active entity. The Answer is filed on behalf of the entity it appears Plaintiff intended to name as a Defendant: DHM Services Solutions, LLC ("Diversified").

[2] For the Court's convenience, Diversified uses the same headings as those used by Plaintiff in the Complaint. By doing so, Diversified does not admit or agree with any characterizations therein.

3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

2.      However, the TCPA doesn't only restrict robocalls.

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Diversified denies the allegations in this paragraph.

3.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Diversified denies the allegations in this paragraph.

4.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is

required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

5.    Plaintiff Gerard Jackson ("Plaintiff") brings this action under the TCPA alleging that Diversified Health Marketers Inc. ("Defendant Diversified" or "Diversified") made pre- recorded telephone calls to him, at the direction of and selling the products of UnitedHealthCare Services Inc. ("Defendant UnitedHealthCare" or "UnitedHealthCare").  Like Plaintiff, recipients of these calls were listed on the National Do Not Call Registry and did not provide the requisite consent to be contacted by Defendants.

**RESPONSE:** Diversified admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Diversified denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Diversified.

6.    Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

**RESPONSE:** Diversified admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class of other persons who were allegedly sent the same calls. Diversified denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever

against Diversified.

7.     A class action is the best means of obtaining redress for the Defendants'
illegal telemarketing and is consistent both with the private right of action afforded
by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of
Civil Procedure.

**RESPONSE:** Denied.

### PARTIES

8.     Plaintiff is a resident of this District.

**RESPONSE:** Diversified is without knowledge or information sufficient to
form a belief as to the truth or falsity of the allegations in this paragraph and
therefore denies the same.

9.     Defendant Diversified is headquartered in Morris County, New Jersey.

**RESPONSE:** Admitted.

10.     Defendant UnitedHealthCare is headquartered in Hennepin County,
Minnesota.

**RESPONSE:** Diversified is without knowledge or information sufficient to
form a belief as to the truth or falsity of the allegations in this paragraph and
therefore denies the same.

### JURISDICTION AND VENUE

11.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331
because the Plaintiff's claims arise under federal law.

**RESPONSE:** Diversified admits Plaintiff's claims arise under federal law.

Defendant denies that the Court has jurisdiction under Article III.

12.     This Court has general personal jurisdiction over both Defendants because they placed calls into this District.

**RESPONSE:** Denied.

13.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to the Plaintiff were sent into this District.

**RESPONSE:** This paragraph calls for a legal conclusion and no response is required. To the extent a response is required, Diversified does not contest venue at this time.

## THE TELEPHONE CONSUMER PROTECTION ACT

14.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

Calls Made Using a Pre-Recorded Message

15.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.; In re*

*Rules and Regulations* Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

16.    Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Diversified denies the allegations in this paragraph.

17.    "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

18.    "[P]rior express written consent means an agreement, in writing,

bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

<u>The National Do Not Call Registry</u>

19.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

20.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required,

Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

21.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

## FACTUAL ALLEGATIONS

22.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

23.    Defendant UnitedHealthCare sells health insurance and uses pre-recorded telemarketing calls to promote its plans to consumers.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

24.    UnitedHealthCare    hires    third-party    companies    like    Defendant

Diversified to make calls on its behalf in order to generate leads.

**RESPONSE:** Denied.

25.    Plaintiff has two cellular telephone numbers: (814) XXX-5007 and (814) XXX-0466.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

26.    Both numbers are non-commercial telephone numbers that are not associated with any business.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

27.    Both numbers are used for personal residential purposes.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

28.    Plaintiff's telephone numbers have been listed on the National Do Not Call Registry to be a customer of the Defendants.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

29.    Plaintiff has never been a customer of either of the Defendants nor asked

or inquired to be a customer of the Defendants.

**RESPONSE:** Denied.

30.    Plaintiff never consented to receive calls from Defendants.

**RESPONSE:** Denied.

31.    Plaintiff never did business with Defendants.

**RESPONSE:** Denied.

32.    Despite that, Plaintiff received at least seven telemarketing calls to his cellular telephone numbers.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

33.    Defendant Diversified, at Defendant UnitedHealth direction, placed calls to Plaintiff from "spoofed" telephone numbers.

**RESPONSE:** Denied.

34.    The calls were made to Plaintiff from June 4 to August 20, 2025.

**RESPONSE:** Diversified is without knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

35.    Plaintiff received the first five calls to his (814) XXX-5007 cellular telephone number.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

36.    The calls were on June 4, July 8, July 17, and two on July 18.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

37.    All calls came from a 724 area code.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same. Diversified expressly denies that it placed any calls to Plaintiff.

38.    All of the calls began with an artificial or prerecorded voice message that stated, "do you have Medicare part A and B insurance?"

**RESPONSE:** Denied.

39.    If the response was "yes" an artificial or prerecorded message was played that stated, "let me connect you with one of our senior verifiers who will help you get some additional benefits or lower down the cost on your current plan, is that OK?"

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

40.    Following that prerecorded message a live agent would come onto the call and ask additional screening questions.

**RESPONSE:** Diversified is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

41.    After the fifth call (second call on July 18, 2025), Plaintiff received an email from Diversified Agent Lucas Tognelli containing Mr. Tognelli's contact information.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same. Diversified expressly denies that Lucas Tognelli is its "agent" under any applicable legal theory as it relates to Plaintiff's claims.

42.    Plaintiff responded indicating he was not interested in their services, requested to be placed on their do not call list and also be provided with a copy of their do-not-call policy.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

43.    Plaintiff stopped receiving calls to his (814) XXX-5007 cellular telephone number, but instead began receiving calls from Defendant on his (814) XXX-0466 cellular telephone number.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

44.    The calls were placed by Defendant on August 11 and August 20, 2025.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

45.    Both calls came from (724) area codes and both contained the same artificial or prerecorded voice message that was played on the calls to Plaintiff's (814) XXX-5007 number.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

46.    During the August 20, 2025 call, Plaintiff spoke with a representative named Paul, and received a follow up email that day with Paul's telephone number.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same. Diversified expressly denies that "a representative named Paul" is its agent under any applicable theory, as it relates to Plaintiff's claims.

47.    Additionally, as a result of this call, Plaintiff's supplemental health insurance was switched without his permission to a UnitedHealthCare Plan.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

48.    The calls to Plaintiff were clearly prerecorded because they were identical to one another.

14

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

49.    After the Plaintiff went through the prompts with the pre-recorded message, he was transferred to a live agent from Defendant Diversified.

**RESPONSE:** Diversified is without knowledge to admit or deny the allegations in this paragraph and therefore denies the same. Diversified expressly denies that it placed any calls to Plaintiff.

50.    The aforementioned calls were placed using a prerecorded voice because: a) the messages were identical to each other; b) the robot on the call had a generic and monotone voice; and c) Plaintiff was eventually transferred to an individual during the call which were unquestionably human, especially by comparison to the robotic voice.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

51.    For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required,

Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

52.    In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

53.    The FCC has instructed that sellers such as Defendant UnitedHealthCare may not avoid liability by hiding behind third party agents and outsourcing telemarketing to third parties, such as Defendant Diversified:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted.)

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required,

Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

54.    In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

**RESPONSE:** These allegations are not well-pleaded facts, and no response is required. The quoted authority speaks for itself. To the extent a response is required, Defendant asserts that the quoted authority speaks for itself and denies all allegations inconsistent therewith.

55.    UnitedHealthCare is liable for Diversified's conduct and telemarketing calls placed by Diversified.

**RESPONSE:** Denied.

56.    The calls were transferred by Diversified to UnitedHealthCare to generate customers for UnitedHealthCare and its agents, including Plaintiff.

**RESPONSE:** Denied. Diversified expressly denies that it placed any calls to Plaintiff.

57.    Diversified was clearly hired by UnitedHealthCare as a generator to make phone calls to potential customers, vet potential clients, and sell them the interested ones.

**RESPONSE:** Denied.

58.    UnitedHealthCare hired Diversified to orchestrate an en masse

telemarketing campaign.

**RESPONSE:** Denied.

59.    The aforementioned calls to the Plaintiff were unwanted.

**RESPONSE:** Denied. Diversified expressly denies that it placed any calls to Plaintiff.

60.    The calls were nonconsensual encounters.

**RESPONSE:** Denied.

61.    The calls were made in an attempt to sell insurance plans.

**RESPONSE:** Denied.

62.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

**RESPONSE:** Denied.

63.    Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**RESPONSE:** Denied.

## CLASS ACTION STATEMENT

64.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**RESPONSE:** Diversified hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

65.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**RESPONSE:** Diversified admits only that Plaintiff purports to bring this action on behalf of a putative class. Diversified denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

66.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **<u>Diversified Robocall Class:</u>** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Diversified or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint.

>> **<u>UnitedHealthCare Robocall Sub-Class:</u>** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Diversified, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, UnitedHealthCare services (3) within the four years prior to the filing of the Complaint.

> **<u>Diversified National Do Not Call Registry Class:</u>** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Diversified or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

>> **<u>UnitedHealthCare National Do Not Call Registry Sub-Class:</u>** All persons within the United States: (1) whose residential telephone

numbers were on the National Do Not Call Registry for at least 31 days;
(2) but who received more than one telephone solicitation call from
American-Amica or a third party acting on Defendants' behalf; (3)
within a 12-month period; (4) within the four years prior to the filing of
the Complaint.

**RESPONSE:** Diversified admits only that Plaintiff purports to bring this
action on behalf of a putative class. Diversified denies the remaining allegations in
this paragraph and expressly denies that any action or putative class is authorized
by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action,
and that the proposed class meets the requirements of Federal Rule of Civil Procedure
23.

67.    Plaintiff is a member of and will fairly and adequately represent and
protect the interests of the Classes as he has no interests that conflict with any of the
Class members.

**RESPONSE:** Denied.

68.    Excluded from the Classes are counsel, Defendants, and any entities in
which Defendants have a controlling interest, the Defendants' agents and employees,
any judge to whom this action is assigned, and any member of such judge's staff and
immediate family.

**RESPONSE:** Diversified admits only that Plaintiff purports to bring this
action on behalf of a putative class. Diversified denies the remaining allegations in
this paragraph and expressly denies that any action or putative class is authorized
by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action,
and that the proposed class meets the requirements of Federal Rule of Civil Procedure
23.

69.    Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**RESPONSE:** Denied.

70.    This Class Action Complaint seeks injunctive relief and money damages.

**RESPONSE:** Diversified admits only that Plaintiff seeks injunctive relief and money damages. Diversified denies the remaining allegations in this paragraph, and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Diversified.

71.    The Class as defined above, are identifiable through Defendants' dialer records, other phone records, and phone number databases.

**RESPONSE:** Denied.

72.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**RESPONSE:** Denied.

73.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**RESPONSE:** Denied.

74.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical

suits.

**RESPONSE:** Denied.

75.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**RESPONSE:** Denied.

76.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.    Whether Defendants made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.    Whether Defendants made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

c.    The corresponding degrees and liability as among and between Defendants;

d.    Whether Defendants' conduct constitutes a violation of the TCPA; and

e.    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**RESPONSE:** Denied in its entirety, including subparagraphs a through e.

77.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

**RESPONSE:** Denied.

78.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**RESPONSE:** Diversified is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

79.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

**RESPONSE:** Denied.

80.    The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**RESPONSE:** Denied.

81.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**RESPONSE:** Diversified is without knowledge to admit or deny the allegations in this paragraph and therefore denies the same.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

82.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**RESPONSE:** Diversified hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

83.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

**RESPONSE:** Denied.

84.    The Defendants' violations were negligent, willful, or knowing.

**RESPONSE:** Denied.

85.    As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**RESPONSE:** Denied.

86.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making pre-recorded calls,

24

except for emergency purposes, to any protected telephone number in the future.

**RESPONSE:** Denied.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

87.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**RESPONSE:** Diversified hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

88.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**RESPONSE:** Denied.

89.    Defendants' violations were negligent, willful, or knowing.

**RESPONSE:** Denied.

90.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**RESPONSE:** Denied.

91.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**RESPONSE:** Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.    Injunctive relief prohibiting Defendants from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

C.    That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and

appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

E.      Such other relief as the Court deems just and proper.

**RESPONSE:** Diversified denies the allegations in its unnumbered prayer for relief, including subsections A through E, and denies that Plaintiff or the putative class is entitled to any relief whatsoever.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**RESPONSE:** Diversified denies that any of the allegations set forth in the Complaint allege triable issues against Diversified. To the extent a jury trial is permitted, Diversified requests a trial by the maximum number of jurors allowed by law.

## GENERAL DENIAL

Diversified denies any and all other allegations in the Complaint that are not specifically admitted herein.

## DEFENSES

Diversified asserts the following defenses without assuming the burden of proof as to such defenses that would otherwise rest with Plaintiff:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Diversified. For example, Plaintiff failed to show that the calls allegedly received were those for "which the called party is charged" as required by the TCPA.

## SECOND AFFIRMATIVE DEFENSE
**(Good Faith; Reasonable Practices)**

Some or all claims alleged in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from bona fide error, despite reasonable practices to prevent violations of the TCPA, and related regulations.

## THIRD AFFIRMATIVE DEFENSE
**(Prior Express Consent for Non-Marketing Calls)**

Plaintiff and the putative class members are barred from asserting some or all of their claims because the alleged calls and texts at issue qualify as non-marketing or non-advertising messages, and Plaintiff and the putative class members provided their phone numbers.

## FOURTH AFFIRMATIVE DEFENSE
**(Consent)**

Plaintiff and the putative class members are barred from asserting their claims to the extent the calls at issue were made with the recipients' prior express permission and/or consent.

## FIFTH AFFIRMATIVE DEFENSE
**(Acquiescence, Estoppel, Waiver, and Unclean Hands)**

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff and the putative class members cannot assert claims under the TCPA against Diversified to the extent they voluntarily provided telephone numbers and/or inquired into and expressed interest in Defendant's services.

28

## SIXTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties)

To the extent that the Complaint states a claim, third parties or Plaintiff himself caused or were responsible for the alleged harm.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## NINTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

Any claim for treble or punitive damages is barred because Diversified did not engage in knowing or willful misconduct.

## TENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Diversified did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the putative class members lack standing to bring the claims

alleged in the Complaint, especially against Diversified, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion v. Ramirez*, 594 U.S. 415 (2021), because any harm allegedly caused by the calls at issue (which Diversified denies) is not fairly traceable to any violation allegedly committed by Diversified.

### TWELFTH AFFIRMATIVE DEFENSE
**(Good Faith)**

Any and all claims brought in the Complaint are barred because Diversified or the persons who placed the calls possessed a good faith belief that they had consent to call the numbers at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Diversified cannot be held vicariously liable. Further, Diversified did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Diversified did not approve of that conduct. As such, Diversified cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties or Plaintiff. Defendant did not ratify any of the conduct of which the Complaint complains and cannot be held liable for it.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Calls not Telephone Solicitations)

Some or all of the claims are barred because the calls at issue were not telephone solicitations under the TCPA where they were not for marketing purposes.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Diversified, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render it unconstitutionally vague so that it fails to give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Additionally, the statutory penalties sought by Plaintiff are so excessive that they violate substantive due process.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No "Call")

Diversified did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Authorization to Make Calls)

None of the subject calls were made by Diversified, nor authorized to be made on its behalf.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No "Pre-recorded" or "Artificial" Voice)

Some or all of Plaintiff's and the putative class members' claims are barred to the extent that a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play, or wholly play, including without the assistance of a live agent in an interactive fashion, on the alleged calls.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Diversified from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

Diversified is not liable to Plaintiff because Diversified acted reasonably and

with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (*Bona Fide* Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Diversified gives notice that, in the event that this Court certifies a class, which Diversified denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Immediate Threat of Future Injury)

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claims as the alleged violations are not likely to recur.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Some or all of the claims brought in the Complaint are barred because Plaintiff had an established business relationship with Defendant at the relevant times.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Diversified has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Diversified reserves the right to amend its Answer to assert any such defense.

WHEREFORE Diversified respectfully requests that judgment be entered as follows:

1.    That Plaintiff take nothing from Diversified by reason of this Complaint and that judgment be entered in Diversified's favor;

2.    For dismissal of the Complaint with prejudice and on the merits;

3.    For an award of costs and attorneys' fees to Diversified; and

4.    For such other and further relief as this Court deems just and proper.

*[signature on following page]*

Dated: January 12, 2026                 Respectfully submitted,

                                        /s/ E. Keith Emanuel
                                        **WATSTEIN TEREPKA, LLP**
                                        Ryan D. Watstein (admitted *pro hac vice*)
                                        GA 266019
                                        ryan@wtlaw.com
                                        Keith Emanuel (admitted *pro hac vice*)
                                        GA 938760
                                        kemanuel@wtlaw.com
                                        75 14th Street NE, Ste. 2600
                                        Atlanta, Georgia 30309
                                        Telephone: (404) 782-0695
                                        Fax: (404) 537-1650

                                        **McELROY, DEUTSCH, MULVANEY &**
                                        **CARPENTER, LLP**
                                        Matthew A. Lipman, Esquire
                                        mlipman@mdmc-law.com
                                        1617 JFK Boulevard, Suite 1500
                                        Philadelphia, PA 19103
                                        Telephone: 215-557-2900
                                        Fax: (215) 557-2990

                                        *Counsel for Diversified Health Marketers Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>*/s/ E. Keith Emanuel*</u>
E. Keith Emanuel

*Counsel for Defendant*